# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: September 7, 2017

```
* * * * * * * * * * * * * *
ANNETTE DOMINGUEZ and LYDIA        *
FAZEKAS, as Personal Representatives  *      No. 15-280V
of the Estate of REBECCA C. ARANA,     *
                                    *
          Petitioners,              *      Special Master Sanders
                                    *
 v.                                 *
                                    *      Attorneys' Fees and Costs; Reasonable
SECRETARY OF HEALTH                 *      Amount Requested.
AND HUMAN SERVICES,                 *
                                    *
          Respondent.               *
* * * * * * * * * * * * * *
```

Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioners.
Justine E. Walters, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 18, 2015, Annette Dominguez and Lydia Fazekas ("Petitioners"), as the personal representatives of the estate of Rebecca C. Arana, filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioners alleged that Ms. Arana developed Guillain-Barré Syndrome ("GBS") and Lambert Eaton Myasthenic Syndrome ("LEMS") as a result of an influenza ("flu") vaccine administered on October 5, 2012. Decision 1, ECF No. 40. Petitioners further alleged that Ms. Arana's death was a sequela of either her GBS or LEMS. *Id.* On March 13, 2017, the undersigned issued a decision awarding compensation to Petitioners pursuant to the parties' joint

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 to -34 (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

stipulation. *Id.*

On August 23, 2017, Petitioners filed an application for attorneys' fees and costs. Mot. Att'ys' Fees & Costs, ECF No. 47. Petitioners requested $49,242.50 in attorneys' fees and $19,441.82 in costs, for a total of $68,687.32. *Id.* at 4. Petitioners averred that they incurred no personal costs in the prosecution of this case. *Id.*

Respondent submitted a Response to Petitioners' motion on September 5, 2017. Resp't's Resp., ECF No. 48. Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioners' request for attorneys' fees and costs as a motion that requires a response from [R]espondent[,] . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3. On September 6, 2017, Petitioners informed Chambers that they will not submit a Reply to Respondent's filing. Informal Comm., dated Sept. 6, 2017.

The undersigned has reviewed the detailed records of time and expenses of Petitioners' counsel, and finds that they are reasonable. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioners are entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $68,687.32,[3] in the form of a check made payable jointly to Petitioners and Petitioners' counsel, Jeffrey Pop, of Jeffrey S. Pop & Associates.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).